MR. JUSTICE SHEA,
dissenting:
I would reverse the conviction.
While I concur with the majority’s findings that the Motor Vehicle Wrecking Facilities Act is constitutional, I do not agree with the conclusion that there was “substantial credible evidence to support the verdict.”
The state brought forth no evidence at trial tending to prove that defendant had bought, sold, or dealt in motor vehicles or motor vehicle parts or materials since the effective date of the act. Defendant’s testimony, that he had done no business with respect to his junk vehicle accumulation since the licensing requirement went into effect, was wholly uncontradicted.
Granted, section 69-6803(1), R.C.M.1947, creates a rebuttable presumption that possession alone of four or more junk vehicles at a single location is “prima facie evidence that the possessor is operating a motor vehicle wrecking facility.” However, I cannot believe that this presumption of possession can operate to convict one of something more than possession, that of conducting an ongoing business of buying, selling or dealing in wrecked motor vehicles or used parts. Furthermore, the defendant did explain the presence of the 60 to 100 vehicles, simply by stating *473 that he had acquired them all before the effective date of the statute. The state made repeated attempts to get him to admit that he had done business since the effective date of the act, and the defendant consistently denied he had. Moreover, the state’s chief witness, Mr. Schultz, the sanitarian, in response to a question from the trial judge, testified that he did not know whether defendant had acquired any additional vehicles since the effective date of the statute.
Up until the passage of the laws herein, the defendant had no duty to shield his cars from public view. He was entitled to keep them there, however obnoxious or odious it might have been to the aesthetic values of the public. It was only after the passage of the act here complained of that there was a duty imposed on defendant to do something about shielding his wrecked cars. If he carried on a motor vehicle wrecking facility, he was required to get a license. An administrative condition precedent to his obtaining a license was that he shield his vehicles from public view. On the other hand, if he did not operate a wrecking facility the state could still request him to shield his vehicles from public view. See section 69-6810, R.C.M. 1947, and M.A.C. 16-2.14(2)-S 14261 (2)(a). However, the state chose to charge him with operating a motor vehicle wrecking facility without a license. The record does not reveal whether the state knew of the other option, to simply request him to shield his property from public view.
The facts clearly demonstrate that the state did not prove that after the effective date of the statute defendant was operating a motor vehicle wrecking facility; that is, buying, selling or dealing in wrecked vehicles or used parts.
The state relied exclusively on the presumption that the possession of four or more wrecked vehicles at a single location is translated into an ongoing business of buying, selling, or dealing in wrecked vehicles or used parts, and is, therefore, a motor vehicle wrecking facility. The person charged with enforcing the statutes, Terrence Schultz, the Lincoln County sanitarian, was *474 the state’s star witness, and he did not even intimate that the defendant was engaged in the buying, selling, or dealing in wrecked vehicles or used parts after the effective date of the act. He testified he did not know. And, after defendant rested his case, it would have been a simple matter for the state to put witnesses on the stand testifying to his business activity after the effective date of the statute, if the state had the evidence. It is interesting to note here that despite the several conversations between the defendant and the sanitarian, the state could not elicit testimony from the sanitarian that the defendant had admitted to him that he was buying, selling or dealing after the effective date of the statute.
The only evidence was the uncontradicted testimony of defendant that after the effective date of the act he did not buy, sell or deal in wrecked motor vehicles or used parts. Other than by his own testimony, how else could he establish that he was not operating a wrecking facility? Certainly the state would have objected (and probably successfully) to the defendant parading many witnesses on the stand to establish negatively that they did not buy, sell or deal with defendant after the effective date of the statute.
Defendant’s conviction stands on the fact that he possessed four or more junk vehicles at a single location within public view. Under these circumstances it is shocking to allow a presumption of possession convict defendant of a crime the heart of which is not possession, but the active ongoing business of buying, selling, or dealing in wrecked vehicles or used parts. This kind of presumption has no place in the criminal law.